Summers, J.
The question presented is whether under the municipal code of 1902 the mayor of a city may receive, in addition to his salary, fees as compensation for his services in prosecutions for violations of penal ordinances.
Section 126 of the municipal code of 1902, 96 O. L., 20 (Revised Statutes, Bates’ Fifth Ed., Sec-1536-633), provides: “Council shall fix the salaries of all officers, clerks and employes in the city government, except as otherwise provided in this *341 act, and, except as otherwise provided in this act, all fees pertaining to any office shall be paid into the city treasury,” and, since it is not otherwise provided in the act, requires an answer in the negative.
But it is said that prior to . the adoption of the code of 1902 the mayor in every city other than those having a police court exercised judicial powers, and that as the law then was the mayor of such city would have been entitled to the fees involved in the present litigation; that the bill that afterwards became the municipal code of 1902 originally contemplated the separation of the legislative, executive and judicial functions; that it provided for a police court in every city and that, while it left in force Section 1744, Revised Statutes, now Section 1536-773, conferring upon the mayors of cities judicial power in civil cases, it provided for the repeal of Sections 1816 to 1822, Revised Statutes, inclusive, now Sections 1536-776 to 1536-783, inclusive, which confer such power in criminal cases ; that Section 126 of the code, so far as pertinent to the present question, then read as above quoted, excepting that it did not contain the second exception, and that the section as it then read did not require the mayor to pay such fees into the treasury because he had no judicial power in such matters and could receive no such fees. It is contended that the meaning of the section has not been changed by the addition of the second exception, and that, inasmuch as the wording of the section is the same, save this second exception, it means the same now as it did in the original bill and does not apply tp such fees.
*342 The original bill was afterwards amended and the code of 1902 does not provide for additional police courts, but leaves that matter and the jurisdiction of mayors of cities in prosecutions for violations of criminal ordinances as they were. It is said that it is a matter of common knowledge that the reason the provision for a police court was eliminated from the bill is that a two-thirds vote of each house of the general assembly was necessary to the passage of a bill establishing a court, which it was known could not be obtained, and so Sections .1816 to 1822, inclusive, were omitted from Section 231, the repealing Section.
It is not necessary to consider to what extent resort may be had to the provisions of a bill for aid in interpreting an ambiguous statute. It is sufficient for present purposes to say that extraneous light is not needed when in the light of the statute itself its meaning is clearly apparent.
But recurring to the bill and conceding that as originally drawn the section requiring all fees pertaining to any office to be paid into the city treasury did not apply to fees in criminal prosecutions, because as the bill then was the mayor had no jurisdiction in such matters, it would not follow that it is not applicable now when there is something to which it can apply. The natural presumption would be, in the absence of any modification of the provision, that it was intended to. apply.. Moreover, this addition of the second exception, “except as otherwise provided in this act,” would seem to have been added expressly to preclude the misconception that the right to fees was intended to be restored because the judicial duties were left undiminished. Even in the absence *343 of this precautionary exception the result would be the same, for the imposition of official duties does not imply a right to compensation, the rule being that unless compensation is expressly provided the duties of an office must be gratuitously formed.
But there is no room- for a suggestion, and none is made, that it is intended that such services shall be gratuitously rendered. In the police court in such cases fees are taxed, but they are not for the judge. His compensation is a salary and an allowance by the county commissioners. Under the municipal code of 1869, and until the adoption of the present code, it has been a reproach to our municipal corporation laws that in cases for the violations of ordinances the compensation of the mayor for his services depended upon a conviction. There is no more difficulty in compensating him by a salary instead of by fees than in case of a police judge, and the same reasons for it.
It is said that Section 1744, Revised Statutes, conferring upon mayors the powers of a justice of the peace in civil cases, Section 1746, „ providing that he shall be entitled to receive the same fees as a justice of the peace for similar services, Section 1843 providing that the costs of a mayor shall be fixed by ordinance, and Section 1751 requiring that all moneys that may be received by him in his official capacity, other than the fees of his otñce, shall be paid over to the treasury, now respectively Sections 1563-773, 637, 790 and 643, Revised Statutes, Bates’ Fifth Edition, are still in force. But the provision of Section 126 of the code that all fees pertaining to any office shall be paid into the city treasury irreconcilably conflicts with the *344 implied permission to retain them. Moreover, Section 231 of the code of 1902 provides: “This act shall supersede all acts and parts of acts, not herein expressly repealed, which are inconsistent herewith.”
If Section 126 had read “except as otherwise provided” or “except as provided in this code,” it would be clear that the intention was so to dovetail the sections of the act of 1902 with the unrepealed sections of the statutes relating to municipal corporations that all taken together would constitute the new municipal code, and it would be possible to harmonize conflicting provisions. This probably was the intention and it was in a large measure effected, but in the present instance such construction is precluded by the express provision of the section that except as otherwise provided in this act (and as to mayors of villages it is otherwise provided in the act), all fees pertaining to any office shall be paid into the city treasury.
Section 1753, Revised Statutes, which provided, “The mayor shall, in addition to the fees he may be entitled to, receive such salary, payable quarterly out of the corporation treasury, as may be provided by ordinance,” is expressly repealed, and in its stead Section 126 was enacted. This section covers both fees and salary. It provides that council shall fix a salary for all officers except as otherwise provided in this act, and expressly provides that all fees, except as otherwise provided in this act, shall be paid into the city treasury. The inevitable conclusion is that, except as otherwise provided in the act, all fees shall be paid into the city treasury and the compensation of every officer shall be a salary. Section 200 of the act relates to *345 mayors of villages, and provides: “The mayor shall pay over to the treasury of the village, monthly, all fines, license fees, or other moneys of whatever character which may be collected by him, and shall receive such fees as are provided for by Section 1843 °f the Revised Statutes of Ohio,” and further: “The mayor, in addition to the fees provided for in Section 1843 °f the Revised Statutes of Ohio, shall receive such salary, payable quarterly out of the corporation treasury, as may be provided by ordinance.” Respecting the office of mayor, this is the only instance in which in the act itself it is otherwise provided as to fees or salary. It follows that the mayor of a city is not entitled to the fees which he collects in such cases as part of the costs.
This reasoning leads to the same conclusion respecting the fees collected by the mayor in cases in which the convicted is sentenced to the workhouse.
It is understood that there are other cases pending in which the question of the right of mayors of cities to fees in civil and state cases is raised, and that question is not here determined.

Judgment affirmed.

Shauck, C. J., Price, Crew, Spear and Davis, JJ-, concur.